05 CV 8220

Judge Hellerstein

Andrew J. Scholz (AS-7950)
FLEMMING, ZULACK & WILLIAMSON, LLP
One Liberty Plaza, 35th Floor
New York, New York 10006-1404
(212) 412-9500

Attorneys for Defendant World Trade Center Properties LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD ABBATE, et al.,

        Plaintiffs,

   - against -

1 WORLD TRADE CENTER, LLC, et al.,

        Defendants.
------------------------------------------------------------x

Civil Action No.

**NOTICE OF REMOVAL**

RECEIVED SEP 23 2005 U.S.D.C. S.D.N.Y. CASHIERS

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
   COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446(b) and the Air Transportation Safety and System Stabilization Act, Public Law No. 107-42, §401 et seq., as amended, 115 Stat. 230 (2001) (the "Act"), defendant the World Trade Center Properties, LLC ("WTCP") hereby removes to the United States District Court for the Southern District of New York the action entitled <u>Richard Abbate, et al., v. 1 World Trade Center, LLC, et al.</u>, Index No. 106817/05, now pending in the Supreme Court of the State of New York, County of New York. The pertinent facts that establish the grounds for removal are as follows:

   1.  Upon information and belief, on or about August 12, 2005, plaintiffs commenced an action in the Supreme Court of the State of New York seeking damages for personal injuries, including respiratory and pulmonary injuries, allegedly sustained while

engaged in the emergency rescue, recovery, debris removal and clean-up of the destroyed World Trade Center buildings, including the sifting, removing, transporting and/or disposing of the debris of such buildings that were destroyed by the terrorist-related aircraft crashes of September 11, 2001. A copy of the Supplemental Summons with Amended Notice is annexed as Exhibit A.

**Removal Is Authorized By 28 U.S.C. § 1441(a) and the Act**

2.      The United States District Court for the Southern District of New York has original and exclusive jurisdiction over this action. Congress, in section 408(b) of the Act, enacted a broad jurisdictional provision centralizing the resolution of all claims resulting from or relating to the terrorist related aircraft crashes of September 11, 2001 in the Southern District of New York:

> **(b) Federal cause of action.--**
>
> **(1) Availability of action.--**There shall exist a Federal cause of action for damages <u>arising out of</u> the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. . . . [T]his cause of action shall be the <u>exclusive remedy</u> for damages arising out of the hijacking and subsequent crashes of such flights.
>
> \*   \*   \*
>
> **(3) Jurisdiction.--**The United States District Court for the Southern District of New York shall have <u>original and exclusive jurisdiction</u> over all actions brought for <u>any claim</u> (including any claim for loss of property, personal injury, or death) <u>resulting from or relating to</u> the terrorist-related aircraft crashes of September 11, 2001.

Act § 408(b)(1) and (b)(3), 49 U.S.C. § 40101 (as amended) (emphasis added).

3.      On July 14, 2005, the Second Circuit Court of Appeals held that plaintiffs who allege that they suffered injuries at the World Trade Center disaster site while sifting, removing, transporting and/or disposing of World Trade Center debris may only state, if at all, a federal cause of action under the Act which must be adjudicated exclusively in the Southern

District. See In re: WTC Disaster Site Litig., -- F.3d --, 2005 WL 1649041 (2d Cir. July 14, 2005) (a copy of which is attached as Exhibit B).

4. Accordingly, since plaintiff's allegations can only state, if at all, a federal cause of action under the Act, the United States District Court for the Southern District of New York has exclusive jurisdiction to adjudicate the instant lawsuit.

**Removal Is Also Warranted By 28 U.S.C. § 1442(a)(1)**

5. Removal of this action is also authorized by the federal officer jurisdiction provision in 28 U.S.C. § 1442(a)(1) which provides that

> (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (<u>or any person acting under that officer</u>) of the United States or of any agency thereof, sued in an official or individual capacity <u>for any act under color of such office</u> . . . .

(Emphasis added.)

6. During all times that plaintiffs allege they performed emergency disaster-response efforts at the World Trade Center disaster site, the United States through federal agencies, including the Occupational Safety and Health Administration ("OSHA"), was active at the World Trade Center disaster site, inter alia, with respect to all aspects of the emergency debris removal. Thousands of federal employees were deployed there to deal with the ongoing public health and safety emergency. Specifically, public records show that with respect to the safety of persons entering the World Trade Center site,"[r]ight after the attacks numerous government agencies such as the Occupational Safety and Health Administration (OSHA), National Institute for Occupational Safety and Health (NIOSH), within the Department of Health and Human Services (HHS), EPA, and State and City agencies dispatched representatives to the

[World Trade Center] site to . . . establish appropriate safety measures and protocols." *See* Statement of Marianne Jackson, Deputy Federal Coordinating Officer for the Federal Emergency Management Agency for the World Trade Center Disaster, February 11, 2002, submitted to a Senate Subcommittee, a copy of which is attached as Exhibit C. This statement is also available at http://epw.senate.gov/107th/Jackson_021102.htm.

7. Acting pursuant to the Federal Response Plan established under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, as amended by Pub. L. 103-181, Pub. L. 103-337, and Pub. L. 106-390,October 30, 2000, 114 Stat. 1552 - 1575) "federal personnel and teams deployed into the disaster area . . . arrived with the necessary protective gear." Id. Thereafter, "[s]ome 3,500 Federal workers were deployed to New York to support the disaster response, about 1,300 from FEMA, and almost 2,000 from other Federal departments and agencies." Id  Among these federal workers were OSHA employees: "OSHA responded immediately to the September 11 terrorist attacks at the World Trade Center". *See* Responding To Disaster by Bill Wright, at 17, a copy of which is attached as Exhibit D. This article is also available at http://www.osha.gov/as/opa/911/pg17-23-jshq-v13-1-fall2001.pdf. Patricia Clark, OSHA's Regional Administrator in New York states that "OSHA ensured that all workers had access to safety and personal protective equipment..." Id.

8. OSHA directly undertook to "safeguard the health and safety of the recovery workers." *See* "Inside the Green Line: OSHA Responds To Disaster," at 5, a copy of which is attached as Exhibit E. This publication is also available at http://www.osha.gov/Publications/osha3189.pdf. Taking a leadership role, OSHA developed health and safety plans that addressed various disaster-related hazards, including, but not limited

to, those involving cranes, falls and falling objects, heavy equipment, explosions, hot steel, Freon and personal protective equipment. Id.

9. The foregoing establishes defendant's "colorable" defense of federal official immunity (federal agencies and officers exercised control over worker safety issues at the disaster site and, therefore, a causal nexus exists between plaintiff's worker safety claims at the disaster site and the alleged acts and omissions of the defendants). As such, federal courts have jurisdiction under federal officer subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). As a result, federal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) exists so that the Port Authority may adjudicate this federal immunity defense in federal court.

10. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of New York.

11. Pursuant to Rule 81.1(b) of the Local Civil Rules of the United States District for the Southern District of New York, within 20 days of the filing of the Notice of Removal, WTCP will file with the Clerk of this Court a copy of all records and proceedings in the state court.

12. WTCP reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, WTCP hereby removes the action now pending against it in the Supreme Court of the State of New York, County of New York, at Index No. Index No. 106817/05 to this Court.

Dated: New York, New York
       September 19, 2005

                                 FLEMMING, ZULACK & WILLIAMSON, LLP

                                 By: _____
                                         Andrew J. Scholz (AS-7950)

                                 One Liberty Plaza, 35th Floor
                                 New York, New York 10006-1404
                                 (212) 412-9500

                                 Attorneys for Defendant World Trade Center Properties, LLC

TO:    See attached service list

265112

# EXHIBITS AVAILABLE UPON REQUEST